

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DESARAE MAKES HIM FIRST and<br>MATTHEW ST. PIERRE,<br><br>Defendants. | 1:16-CR-10039-CBK<br><br>ORDER |

Defendants are charged with first degree murder, second degree murder, assault resulting in serious bodily injury, and child abuse in connection with the death of defendant Makes Him First's five year old daughter. Defendant St. Pierre has filed a motion to dismiss the superseding indictment, claiming his right to a speedy trial has been violated.

Defendant Makes Him First was initially charged by criminal complaint on October 13, 2016. She made an initial appearance the following day and counsel was appointed to represent her pursuant to the Criminal Justice Act. She filed a motion for a continuance on December 1, 2016, and that motion was granted. Her trial was continued to April 17, 2017. On November 9, 2016, defendant St. Pierre was charged in a superseding indictment. He made an initial appearance on December 6, 2016, and counsel was appointed to represent him pursuant to the Criminal Justice Act. The next day, his jury trial was set for February 6, 2017, which was within the time prescribed by the Speedy Trial Act, 18 U.S.C. § 3161. Defendant Makes Him First's trial was then re-set for February 6, 2017.

On January 20, 2017, counsel for defendant Makes Him First filed a second motion for continuance. Defendant St. Pierre objected to a continuance and requested

that the Court sever the defendants for trial. The motion to continue was granted over defendant St. Pierre's objection, the request for severance was denied, and the trial was continued to May 23, 2017.

The Court held an *in camera* hearing and *sua sponte* appointed new counsel to defendant Makes Him First on February 7, 2017. Defendant St. Pierre filed his motion to dismiss on March 31, 2017, contending that his right to have his trial held within 70 days has been violated. Shortly after his motion to dismiss was filed, defendant Makes Him First filed another motion to continue the May 23, 2017, trial. Defendant St. Pierre objects to that continuance as well.

The Speedy Trial Act requires that trial begin within 70 days after a defendant is charged or first appears. 18 U.S.C. § 3161(c)(1). However, in the case of co-defendants, a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted" is excluded in computing the time within which trial must commence. 18 U.S.C. § 3161(h)(6). In this case, trial for the co-defendant was set for April 17, 2017, prior to the time defendant St. Pierre entered an initial appearance on the superseding indictment. His trial could have originally been set for April 17, 2017, without violating the Speedy Trial Act.

The continuance of the trial from February 7, 2017, to May 23, 2017, was granted over defendant St. Pierre's objection based upon the finding that:

> [T]he ends of justice are served by continuing this trial which ends outweigh the best interest of the public and the defendants in a speedy trial. Despite the exercise of due diligence, counsel requires additional time to effectively review the government's discovery and to further investigate the matter to properly defend this case. Additional discovery is still being collected which must be reviewed by defense counsel.

As the Eighth Circuit reminds us,

> Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel . . . if the judge granted such continuance on the basis of his findings that the

2

> ends of justice served . . . outweigh the best interest of the public and
> the defendant in a speedy trial. [18 U.S.C.] § 3161(h)(7)(A).

United States v. Jones, 795 F.3d 791, 798 (8th Cir. 2015). "[T]he plain language of section 3161(h)(7)(A) does not require a defendant's consent to the continuance if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." United States v. Herbst, 666 F.3d 504, 510 (8th Cir. 2012) (internal quotation marks omitted).

In this case, the ends of justice outweigh defendant St. Pierre's desire for a more speedy trial. Defendants are both charged with very serious crimes. Each is also charged with aiding or abetting the other in committing the charged crimes. Defendant Makes Him First required additional time to mount her defense to these charges and she is entitled to that additional time. The co-defendant exclusion provision of § 3161(h)(6) "is crucial in a case involving multiple defendants because it provides that an exclusion applicable to one defendant applies to all codefendants." United States v. Fogarty, 692 F.2d 542, 546 (8th Cir. 1982). A continuance was granted in this case at the request of defendant Makes Him First and the exclusion of the time attributable to that continuance applies to defendant St. Pierre.

Defendant St. Pierre contends that his Sixth Amendment right to a speedy trial has been violated. "It is rare when the Sixth Amendment has been violated, but the Speedy Trial Act has not." United States v. Perez-Perez, 337 F.3d 990, 995 (8th Cir. 2003).

> The Supreme Court identified four factors to consider when applying
> a Sixth Amendment balancing test to a pretrial delay: the length of
> delay, the reason for delay, whether the defendant asserted the right
> to a speedy trial, and whether the defendant suffered any prejudice.
> *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101
> (1972).

United States v. Perez-Perez, 337 F.3d at 995.

The United States Supreme Court has held that "an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay" to trigger a Sixth Amendment speedy trial analysis.

3

Doggett v. United States, 505 U.S. 647, 651–52, 112 S. Ct. 2686, 2690, 120 L. Ed. 2d 520 (1992). The alleged length of delay in this case is *de minimus* - less than two months have transpired since the defendant's claimed expiration of the seventy day speedy trial clock on February 14, 2017, and just over three months will have transpired based upon the currently scheduled trial date. In the Eighth Circuit, such a short delay is not considered to be presumptively prejudicial so as to require consideration of the other Barker elements. United States v. Perez-Perez, 337 F.3d at 995 (*citing* United States v. Patterson, 140 F.3d 767, 772 (8th Cir. 1998) (five month delay not presumptively prejudicial), United States v. McFarland, 116 F.3d 316, 318 (8th Cir. 1997) (seven month delay not presumptively prejudicial), United States v. Sprouts, 282 F.3d 1037, 1043 (8th Cir. 2002) (four month delay not presumptively prejudicial)).

Now, therefore,

IT IS ORDERED that defendant St. Pierre's motion to dismiss, Doc. 74, is denied.

DATED this 14th day of April, 2017.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge

4